UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL LOPEZ,

                          Petitioner,

    -against-                                                      9:10-CV-0969 (LEK)

GRIFFIN, Superintendent, Southport
Correctional Facility,

                          Respondent.
_____

**DECISION and ORDER**

**I.   INTRODUCTION**

      Petitioner Michael Lopez ("Petitioner" or "Lopez") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 from his March 16, 1994 conviction in Albany County Court for second degree murder. Dkt. No. 1 ("Petition"). Petitioner was sentenced to serve twenty-five years to life in prison. Id. Petitioner timely appealed his conviction and it was affirmed by the New York Appellate Division. People v. Lopez, 220 A.D.2d 831 (N.Y. App. Div. 1995). The New York Court of Appeals denied leave to appeal on November 29, 1995. People v. Lopez, 87 N.Y.2d 848 (N.Y. 1995) ("Lopez II"). Petitioner claims that the sentencing court violated his right to due process and equal protection when it failed to: (1) issue a signed certificate of conviction following the sentencing proceeding; and (2) provide the certificate to the Albany County Court Clerk's Office, the New York State Office of Temporary Disability and Assistance, and the Department of Corrections and Community Supervision ("DOCCS"). Pet. at 6; Pet'r Ex. 1 (Dkt. No. 1-1) at 1.

      By Order dated September 7, 2010, the Court directed Petitioner to file a written affirmation explaining why his Petition should not be dismissed as time-barred under the one-year statute of limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"). Dkt. No. 4 at 4-5. Petitioner complied with that Order by filing a document captioned "Affirmation in Support" signed on September 27, 2010. Dkt. No. 5 ("Affirmation"). In another Order dated October 6, 2010, the Court directed a response from Respondent Griffin ("Respondent" or "Griffin"), limited to the issue of whether the Petition was timely and whether there was a basis for equitable tolling. Dkt. No. 6 at 2-4. Griffin filed the required Response on January 14, 2011, as well as the relevant state-court records. Dkt. No. 11 ("Response"). Petitioner filed a Reply on February 9, 2011. Dkt. No. 13 ("Reply"). For the reasons that follow, Lopez's Petition is denied and dismissed.

## II.    DISCUSSION

### A. Timeliness of Petition

AEDPA established a one-year statute of limitations for prisoners to seek federal review of their state-court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the latest of several events: (1) the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review; (2) the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; (3) the date on which the Supreme Court initially recognized the constitutional right on which the petitioner bases his habeas application, if that right was newly recognized and made retroactively applicable; or (4) the date on which the petitioner could have discovered the factual predicate for the claim or claims presented through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); Gonzalez v. Thaler, __ U.S. __, __, 132 S. Ct. 641, 652-53 & n.9 (2012).

For purposes of § 2244, a state conviction becomes "final" when the Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which occurs

ninety days after the date on which the highest court in the state has completed direct review of the case. Thaler, 132 S. Ct. at 653; Saunders v. Senkowski, 587 F.3d 543, 548-49 (2d Cir. 2009), cert. denied 131 S. Ct. 899 (2011). Petitioner's conviction became final on February 27, 1996, ninety days after the Court of Appeals denied leave to appeal. Lopez II, 87 N.Y.2d 848. But since Petitioner's habeas claims accrued before AEDPA's enactment on April 24, 1996, he is "afforded . . . one year after the effective date of AEDPA" to file a timely federal habeas petition. Bennett v. Artuz, 199 F.3d 116, 118 (2d Cir. 1999) (citation and quotation omitted). The one-year grace period expired on April 24, 1997, several years before Lopez filed his Petition on August 9, 2010.[1]

> *1. Statutory Tolling Under AEDPA*

The limitations period under the AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Saunders, 587 F.3d at 548. This tolling provision "excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). The tolling provision excludes from the limitations period only the time that the state court application remained undecided, including the time during which an appeal from the denial of the motion was taken. Saunders, 587 F.3d at 548; Smith, 208 F.2d at 16.

Petitioner filed a motion to vacate his conviction, pursuant to New York Criminal Procedure

---

[1] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 270 (1988); Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001). In this case, the Court presumes that Lopez delivered his original Petition to prison authorities for mailing on August 9, 2010, the date it was signed by Petitioner.

Law ("CPL") § 440.10, on June 1, 2009. Resp. Exh. D (Dkt. No. 11-4) ("CPL § 440 motion").[2] The motion was denied on June 11, 2009, and the Appellate Division denied leave to appeal on August 27, 2009. Resp. Exs. E (Dkt. No. 11-5) at 4; G (Dkt. No. 11-7).[3] Because the CPL § 440 motion was filed and decided after the one-year limitations period expired, it does not operate to toll the statute of limitations. 28 U.S.C. § 2244(d)(2); Smith; 208 F.3d at 16-17. See also Monroe v. Rock, No. 09-CV-6366, 2011 WL 1792926, at *2 (W.D.N.Y. May 10, 2011) (explaining that statutory tolling applies only if a state court application for relief was pending during the one-year limitations period).[4]

---

[2] The CPL § 440 motion was dated and notarized on May 26, 2009. § CPL 440 Mot. at 3. But the affidavit of service, indicating that Petitioner mailed the motion and accompanying memorandum of law to the Albany County District Attorney and the Albany County Court Clerk's Office, was notarized on June 1, 2009. Id.

[3] Petitioner sought leave to appeal the Appellate Division's decision in the Court of Appeals. Resp. Ex. H (Dkt No. 11-8). On October 28, 2009, the Court of Appeals dismissed his application because "the order sought to be appealed is not appealable under Criminal Procedure Law, section 450.90(1)." Resp. Ex. I (Dkt. No. 11-9).

[4] To the extent that Lopez's Petition may be construed to argue that his Freedom of Information Law ("FOIL") requests constitute a basis for statutory tolling, that argument is without merit. See Affirmation (Dkt. No. 5) ¶ 1. State court filings that seek documents or other information that could aid a petitioner in developing a state court challenge to his or her underlying conviction, including FOIL requests and related state court proceedings brought to appeal the denial of FOIL requests, do not operate to statutorily toll the AEDPA limitations period. Hodge v. Greiner, 269 F.3d 104, 107 (2d Cir. 2001); Gould v. West, No. 05-CV-602, 2007 WL 2323108, at *4 (Aug. 15, 2007); Duamutef v. Mazzuca, No. 01-CV-2553, 2002 WL 413812, at *7 (S.D.N.Y. Mar. 15, 2002).

Moreover, Petitioner's FOIL requests were made well after the one-year grace period expired on April 24, 1997. Affirmation ¶ 1; Resp. Exs. J (Dkt. No. 11-10) (letter dated Feb. 28, 2008); K (Dkt. No. 11-11) (Southport Correctional Facility Office of Inmate Records Memorandum, dated Mar. 3, 2008); L (Dkt. No. 11-12) (letter from Temporary Assistance Bureau, New York State Office of Temporary and Disability Assistance to Petitioner, dated Jan. 23, 2009); M (Dkt. No. 11-13) (letter from Pamela B. Clickner, Deputy Chief Clerk, Albany County Court Clerk's Office, to Petitioner, dated Feb. 3, 2009). Therefore, even if FOIL requests could operate to statutorily toll the limitations period, such tolling would not

### *2. Newly Discovered Evidence as Grounds for Tolling*

Petitioner appears to argue that the statute of limitations should begin to run from the time that he discovered the factual predicate for his claim pursuant to § 2244(d)(1)(D), which provides that habeas relief may be sought even after a conviction has been final for one year in cases where newly discovered evidence supports a petitioner's claim. 28 U.S.C. § 2244(d)(1)(D); Affirmation ¶¶ 5-7. Petitioner states that he did not discover the factual basis for his claim until he received information, pursuant to FOIL requests, that no certificate of his conviction was filed with the Albany County Court Clerk's Office, the "Department of Temporary Disabilities," or DOCCS. See Resp. Ex. D. He states that upon discovering this information, he immediately moved to vacate his conviction. Affirmation ¶ 7.

The § 2244(d)(1)(D) limitations period "runs from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim." Williams v. Phillips, No. 04 Civ. 4653, 2005 WL 1806161, at *9 (S.D.N.Y. Aug. 2, 2005) (quoting Youngblood v. Greiner, 97 Civ. 3289, 1998 WL 720681, at *4 n.4 (S.D.N.Y. Oct. 13, 1998)). "Newly discovered evidence is, by definition, incapable of discovery through counsel's due diligence before or during trial." Hector v. Greiner, No. 99-cv-7863, 2000 WL 1240010, at *1 (E.D.N.Y. Aug. 29, 2000) (citing United States v. Middlemiss, 217 F.3d 112, 122 (2d Cir. 2000)). If the evidence existed at an earlier date, even if it was unknown to a petitioner, it cannot later be described as "newly discovered." Hector, 2000 WL 1240010, at *1. The date that the clock begins to run for the factual predicate exception is a question of fact

---

apply here because none of Petitioner's requests were dated between April 24, 1996 and April 24, 1997.

5

appropriately answered by the district court.  Wims v. United States, 225 F.3d 186, 191 (2d Cir. 2000).  "The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered" the basis for his petition.  Id. at 190.  Although section 2244(d)(1)(D) allows the time period to run anew upon the discovery of new evidence, it "does not convey a statutory right to an extended delay ... while a habeas petitioner gathers every possible scrap of evidence that might ... support his claim."  Lucidore v. New York State Div. of Parole, No. 99 Civ. 2936, 1999 WL 566362, *5 (S.D.N.Y. Aug. 3, 1999) (citation and quotation omitted).

  Lopez signed his original Petition on August 9, 2010.  Pet. at 16.  Pursuant to § 2244(d)(1)(D), the claims raised in the petition must not have been discoverable "through the exercise of due diligence" more than 365 days before it was filed, taking into account the time any state court motion raising the claim was pending.  Belot v. Burge, 490 F.3d 201, 204 (2d Cir. 2007).  Petitioner has not demonstrated that the factual basis for his claims could not have been discovered before August 9, 2009.  Although he states that he exercised reasonable diligence in order to discover the basis for his claim, he has not explained why he waited until 2008 to make any inquiries regarding the certificate of conviction in connection with his 1994 conviction.  See Affirmation ¶ 7; Hector, 2000 WL 1240010, at *1.

  Even accepting Petitioner's argument that he exercised reasonable diligence, the Petition would still be untimely.  The latest correspondence that Petitioner relies upon in support of his claim is a letter from the Albany County Court Clerk's Office, dated February 3, 2009.  Resp. Ex. M.  Petitioner was therefore on notice of the factual basis for his claim by no later than February 28,

2009.[5] The limitations period would have run from February 28, 2009 to June 1, 2009, when Petitioner filed his CPL § 440 motion, a period of ninety-three days. Resp. Ex. D. The limitations period would have been tolled from June 1, 2009 until August 27, 2009, the time his CPL § 440 motion was pending in state court.[6] The limitations period would have begun to run again on August 27, 2009, and expired 272 days later, on May 26, 2010. Lopez's Petition was signed on August 9, 2010, after the § 2244(d)(1)(D) limitations period would have expired. Accordingly, the Petition is time-barred unless equitable tolling applies.

### 3. *Equitable Tolling*

AEDPA's one-year statute of limitations period is subject to equitable tolling in "appropriate cases." Holland v. Florida, __ U.S. __, __, 130 S. Ct. 2549, 2560 (2010). To warrant equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some

---

[5] The Albany County Court Clerk's Office letter, dated February 3, 2009, indicates that Petitioner's letter seeking information was dated January 19, 2009, a difference of fifteen days. Resp. Ex. M. Assuming that it took fifteen days for the Albany County Court Clerk's Office letter to reach Petitioner by mail, he would have been aware of the information supporting his claims by February 18, 2009. Since it is unknown exactly when Petitioner received the letter, this Court has used the date of February 28, 2009, to account for any possible reasonable delays in mail delivery. Additionally, Petitioner does not appear to contest that he received the letter at some point in February 2009. See Reply at 3-4.

[6] As previously noted, Petitioner sought leave to appeal the Appellate Division's decision, but the application was dismissed because "the order sought to be appealed is not appealable under Criminal Procedure Law, section 450.90(1)." Resp. Ex. 11-9. Petitioner is not entitled to additional tolling while his application to the Court of Appeals was pending, because the application was not a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2); see also Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); Smalls v. Smith, No. 05-CV-5182, 2009 WL 2902516, at *7 (S.D.N.Y. Sept. 10, 2009) ("Petitioner's purported motion to appeal the Appellate Division's Section 440.10 ruling to the Court of Appeals, . . . did not further toll the AEDPA Limitation Period because further review by the Court of Appeals was unavailable under New York law.").

extraordinary circumstance stood in his way" that prevented timely filing. Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008). "The term 'extraordinary' does not refer to the uniqueness of petitioner's circumstances, 'but rather how severe an obstacle it is for the prisoner endeavoring to comply with the AEDPA limitations period.'" Bolarinwa v. Williams, 593 F.3d 226, 231-32 (2d Cir. 2010) (quoting Diaz, 515 F.3d at 154). The decision as to what are the appropriate circumstances is left to the discretion of the district court. Belot, 490 F.3d at 206-207. The exercise of a court's equity powers must be made on a case-by-case basis, "mindful 'that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.'" Harper v. Ercole, 648 F.3d 132, 136 (2d Cir. 2011) (quoting Holland, 130 S. Ct. at 2563).

Additionally, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). If a petitioner did not exercise reasonable diligence after the extraordinary circumstance began, "the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003) (quoting Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001)); Mason v. Pool, 554 F. Supp. 2d 391, 397-98 (W.D.N.Y. 2008).

Petitioner has not alleged or demonstrated any "extraordinary circumstances" that prevented him from filing his Petition on time. As previously noted, Petitioner has offered no explanation for

why he took no action from 1994 until 2008 (when he began filing FOIL requests) regarding the certificate of conviction. Petitioner also fails to offer any explanation for how he was pursuing his rights between April 24, 1997 (the deadline for a timely petition) and 2008. See generally Dkt. Nos. 1, 4, 13. Thus, he has failed to establish that he was diligently pursuing his rights during the entire time period that he seeks to toll. Lawrence v. Florida, 549 U.S. 327, 335 (2007); Reid v. Atty. Gen. State of New York, No. 04-CV-178, 2008 WL 3049870, at *7 (N.D.N.Y. Aug. 1, 2008).

Petitioner's only argument in support of equitable tolling appears to be that because no certificate of conviction was filed with the Albany County Court Clerk's Office, the New York State Office of Temporary Disability and Assistance, or DOCCS following his conviction in accordance with CPL §§ 380.60 and 380.80 and the Corrections Law, there has been no final judgment in his case. Reply at 1-5. Thus, according to Petitioner, the AEDPA limitations period has not begun to run. Id. Petitioner's claim is without merit because the sentence and commitment form contained in the record, dated March 16, 1994, "establishes that a valid judgment of conviction was entered and satisfies the statutory requirements." People ex rel. Piazza v. Cunningham, 75 A.D.3d 1021, 1022 (N.Y. App. Div. 2010) (citing N.Y. C.P.L.R. § 380.60; People ex rel. Haynes v. Artus, 51 A.D.3d 1075 (2008)); People ex rel. Joseph v. NaPoli, 75 A.D.3D 669-70 (N.Y. App. Div. 2010); Resp. Exs. P (Dkt. No. 11-16) (sentencing and commitment); O (Dkt. No. 11-15) (sentencing transcript) at 4-6. Accordingly, as previously noted, the AEDPA limitations period began to run from the date that Petitioner's "conviction and sentence became final by the conclusion of direct review or the expiration of the time for seeking such review." Burton v. Stewart, 549 U.S. 147, 156-57 (2007) (citation and quotation omitted).

Finally, the fact that Petitioner was proceeding *pro se* "does not in itself constitute an

9

extraordinary circumstance meriting tolling[.]" Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004) (citation omitted). Ignorance of the law also does not warrant tolling because *pro se* petitioners "bear[] the burden of learning the applicable procedural rules in federal court and abiding by them when seeking review." Hill v. Superintendent, Gowanda Corr. Facility, No. 08-CV-4508, 2009 WL 560690, at *3 (E.D.N.Y. Mar. 4, 2009); see also Worsham v. West, No. 05 Civ. 530, 2006 WL 2462626, at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases."); Corrigan v. Barbery, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances.").[7]

In sum, Petitioner took no affirmative action to challenge his conviction or protect his rights during the statute of limitations period and the years that followed. Therefore, equitable tolling is inappropriate, and the Petition is dismissed as untimely filed.[8]

---

[7] The Court notes its obligation to consider a petitioner's claim of actual innocence before dismissing a habeas petition as untimely. Brockington v. Marshal, No. 08-0839-pr, 375 F. App'x 157, 158 (2d Cir. 2010); Menefee, 391 F.3d at 161. Even liberally construed, however, the pending petition does not contain a claim of actual innocence. See generally Pet. Second, petitioners who are "asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); see also Menefee, 391 F.3d at 161 (stating that a petitioner must support an actual innocence claim "with new reliable evidence . . . that was not presented at trial.") (quoting Schlup, 513 U.S. at 324)). Here, Petitioner has not presented any new evidence at all, let alone any evidence that might suggest his innocence. Id.

[8] In his Reply, Petitioner asks the Court to certify a question of law to the New York Court of Appeals regarding the correct interpretation and scope of CPL § 380.60. Reply at 4-

**III.    CONCLUSION**

Accordingly, it is hereby:

**ORDERED,** that the Petition (Dkt. No. 1) is **DISMISSED** as untimely; and it is further

**ORDERED,** that no certificate of appealability shall issue because Petitioner has failed to make a substantial showing of the denial of a constitutional right;[9] and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED.**

DATED:      April 10, 2012
                    Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

5. Pursuant to New York law, only the United States Supreme Court, "any United States Court of Appeals, or a court of last resort of any other state" may certify a question of law to the New York Court of Appeals. N.Y. COMP. CODES R.& REGS. tit. 22, § 500.27. Petitioner's request is therefore denied.

[9] 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007).